# Exhibit 1

This **MUTUAL NON-DISCLOSURE AGREEMENT** ("**Agreement**") is entered into as of June 20, 2025("**Effective Date**"), by and between People Center, Inc., d/b/a Rippling, a Delaware corporation, with its principal place of business at 430 California Street, FL 11, San Francisco, CA 94104, on behalf of itself and its affiliates and subsidiaries (collectively, "**Rippling**"), and AnySource, a Delaware Corporation , with its principal place of business at 228 Park Ave S PMB 232249, New York, New York 10003-1502, USA("**Company**").

1.      As used herein, the "**Confidential Information**" of a Party will mean any and all technical and non-technical information disclosed by such Party (the "**Disclosing Party**") to the other Party (the "**Receiving Party**"), which may include without limitation: (a) patent and patent applications; (b) trade secrets; (c) proprietary and confidential information, ideas, techniques, sketches, drawings, works of authorship, models, inventions, know-how, processes, apparatuses, equipment, algorithms, software programs, software source documents, and formulae related to the current, future, and proposed products and services of each of the Parties, such as information concerning research, experimental work, development, design details and specifications, engineering, financial information, procurement requirements, purchasing, manufacturing, customer lists, investors, employees, business and contractual relationships, business forecasts, sales and merchandising, and marketing plans; (d) "personal data," "personal information," "personally identifiable information," and analogous terms as defined under any applicable laws; and (e) all other information that the Receiving Party knew, or reasonably should have known, was the Confidential Information of the Disclosing Party. In addition, Confidential Information shall include the proprietary information of either party's subsidiaries, affiliated companies, business partners, suppliers and clients. Confidential Information may be written, oral, recorded, or contained on other electronic or mechanical media.

2.      Confidential Information shall not include information which: (i) was already known to the Receiving Party prior to the time that it is disclosed to such party hereunder; (ii) is in or has entered the public domain through no breach of this Agreement or other wrongful act of the Receiving Party; (iii) has been rightfully received from a third party without breach of this Agreement; (iv) has been approved for release by written authorization of the Disclosing Party; or (v) is independently developed without use of or reference to the Disclosing Party's Confidential Information.

3.      Notwithstanding the above, the Receiving Party may disclose certain Confidential Information, without violating the obligations of this Agreement, to the extent such disclosure is required by a valid order of a court or other governmental body having jurisdiction, provided that the Receiving Party, to the extent legally permitted, provides the Disclosing Party with reasonable prior written notice of such disclosure and makes a reasonable effort to obtain, or to assist the Disclosing Party in obtaining, a protective order preventing or limiting the disclosure and/or requiring that the Confidential Information so disclosed be used only for the purposes for which the law or regulation required, or for which the order was issued.

4.      Each party agrees to hold the other's Confidential Information in strict confidence and not to disclose such Confidential Information to any third party or to use it for any purpose other than as specifically authorized by the Disclosing Party (the "**Permitted Purpose**"). Confidential Information of a party may not be translated into another format or language, or decompiled or reverse engineered without the Disclosing Party's prior written consent. Each party agrees that it will employ all reasonable steps to protect the Confidential Information of the other party from unauthorized or inadvertent disclosure, including, without limitation, all steps that it takes to protect its own information that it considers proprietary. Each party will, as soon as reasonably practicable after discovery, report to the other party any unauthorized use of, disclosure of, or access to the other party's Confidential Information, subject to any reasonable restrictions placed on the timing of such notice by a law enforcement or regulatory agency investigating the incident, and will take all reasonable measures to prevent any further unauthorized disclosure or access. The parties may disclose the other party's Confidential Information only to those employees, agents, consultants and subcontractors of the Receiving Party ("**Representatives**") having a need to know and only to the extent necessary to enable the parties to adequately perform their respective responsibilities to each other and, in the case of any product tests, only to those of its Representatives who are directly involved with the testing of such product. The parties hereby undertake to ensure the individual compliance of their respective Representatives with the terms hereof.

Docusign Envelope ID: 7ACD9BBD-43F6-4CD3-8629-386E49D989B3

5.      No copies of the Confidential Information shall be made by the Receiving Party except as may be necessary for the Permitted Purpose.  Upon the written request of the Disclosing Party at any time, the Receiving Party shall, at the Disclosing Party's option, either destroy or return to the Disclosing Party all tapes, diskettes, or other media upon which the Disclosing Party's Confidential Information is stored, and all copies thereof, if any. Notwithstanding the foregoing, neither party shall be required to identify or delete content held in archive or back-up systems in accordance with its general systems archiving or backup policies; provided that any content so retained shall be subject to the terms of this Agreement until destroyed. If requested by the Disclosing Party to destroy any Confidential Information, the Receiving Party shall certify in writing to be delivered to the Disclosing Party within five (5) business days following such destruction that such destruction has been completed.

6.      Each party shall be deemed to be the owner of all Confidential Information disclosed by it hereunder, including all patent, copyright, mask work, trademark, service mark, trade secret, and any and all other proprietary rights and interests therein, and Rippling and Company each agree that nothing contained in this Agreement shall be construed as granting any rights, by license or otherwise, in or to any Confidential Information disclosed pursuant to this Agreement.  All Confidential Information is provided "AS IS" and without any warranty, express, implied, or otherwise, regarding such Confidential Information's accuracy or performance.

7.      The parties acknowledge that the unauthorized disclosure, use, or disposition of Confidential Information could cause irreparable harm and significant injury that may be difficult to ascertain.  Accordingly, the parties agree that the Disclosing Party shall have the right to an immediate injunction in the event of any breach of this Agreement, in addition to any other remedies that may be available to the Disclosing Party at law or in equity.

8.      If any provision of this Agreement or any portion of any such provision shall be held invalid or unenforceable by a court of competent jurisdiction, the remaining provisions of this Agreement shall remain in full force and effect, and the provision or portion thereof affected by such holding shall be modified, if possible, so that it is enforceable to the maximum extent permissible.

9.      This Agreement shall continue until terminated in writing by either party or until it is superseded by an agreement between the parties which contains provisions with regard to the protection of each party's Confidential Information, provided, however, that the obligation to protect the confidentiality of all Confidential Information disclosed by the parties to each other prior to a party's written termination of this Agreement shall survive the termination of the Agreement.

10.     THE DISCLOSING PARTY IS PROVIDING CONFIDENTIAL INFORMATION ON AN "AS IS" BASIS FOR USE BY THE RECEIVING PARTY AT ITS OWN RISK. THE DISCLOSING PARTY DISCLAIMS ALL WARRANTIES, WHETHER EXPRESS, IMPLIED OR STATUTORY, INCLUDING WITHOUT LIMITATION ANY IMPLIED WARRANTIES OF TITLE, NON-INFRINGEMENT OF THIRD PARTY RIGHTS, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE.

11.     This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to conflict of law principles, and shall benefit and be binding upon the parties hereto and their respective successors and assigns.  Any disputes under this Agreement may be brought in the state courts and the Federal courts of San Francisco County, and the parties hereby consent to the personal jurisdiction and exclusive venue of these courts. This Agreement may not be amended except by a writing signed by both parties.

12.     Neither Party will assign or transfer any rights or obligations under this Agreement without the prior written consent of the other Party and any attempted assignment, subcontract, delegation, or transfer in violation of the foregoing will be null and void, except that a Party may assign this Agreement without such consent to its successor in interest by way of merger, acquisition or sale of all or substantially all of its assets.

13.     All notices or reports permitted or required under this Agreement will be in writing and will be delivered by personal delivery, electronic mail, facsimile transmission or by certified or registered mail, return receipt requested, and will be deemed given upon personal delivery, five (5) days after deposit in the mail, or upon acknowledgment of receipt of electronic transmission. Notices may be sent to the addresses set forth above or such other address as either Party may specify in writing.

14.     Each Party agrees that the software programs of the other Party contain valuable confidential information and each Party agrees that it will not modify, reverse engineer, decompile, create other works from, or disassemble

any software programs contained in the Confidential Information of the other Party without the prior written consent of the other Party.

This Agreement is the final, complete and exclusive agreement of the Parties with respect to the subject **matters** hereof and supersedes and merges all prior discussions between the Parties with respect to such matters. No modification of or amendment to this Agreement will be effective unless in writing and signed by the Party to be charged.

(<b><i>signatures on following page</i></b>)

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the Effective Date set forth above.

Docusign Envelope ID: 7ACD9BBD-42F6-4CD3-8629-386F49D989B3

**PEOPLE CENTER, INC. (D/B/A RIPPLING)**

Signed by:

BY:        *Ajit Singh*

—3500831AB30C45C...

Name:    Ajit Singh

Title:    Senior Director of Engineering

Date:    6/24/2025 | 4:14 PM PDT


**AnySource**

Signed by:

BY:        *Andrew Berman*

—5104272B577F4BF...

Name:    Andrew Berman

Title:    CEO

Date:    6/24/2025 | 8:42 AM PDT