**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANYSOURCE, INC., d/b/a RUNLAYER,<br>*Plaintiff*,<br>v.<br>PEOPLE CENTER, INC., d/b/a RIPPLING,<br>*Defendant*. | Case No. 1:26-cv-06410 |

**[PROPOSED] ORDER TO SHOW CAUSE FOR PERLIMINARY INJUNCTION AND EXPEDITED DISCOVERY IN AID OF ARBITRATION**

Upon Plaintiff Anysource, Inc., d/b/a Runlayer's Complaint, dated July 28, 2026; Runlayer's Memorandum of Law in Support of its Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration, dated July 28, 2026; the accompanying Declaration of Andrew Berman in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration, dated July 28, 2026; and the accompanying Declaration of Alexander Gross in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration, dated July 28, 2026, and the exhibits attached thereto; it is hereby:

ORDERED that opposing papers, if any, shall be served and filed on or before __________________________; and reply papers, if any, shall be served and filed on or before __________________________; it is further

ORDERED that Defendant People Center, Inc., d/b/a Rippling shall appear before the Honorable ______________________________, District Judge, United States District Court for the Southern District of New York, at the United States Courthouse, 500 Pearl St., New York, NY

10007, Courtroom _______________ on _____________________ at ________________, and show cause as to why the Court should not enter an order, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, granting Runlayer's request for a preliminary injunction enjoining Rippling from: (i) designing, developing, using, marketing, selling, offering to sell, transferring, or otherwise commercializing any product designed or developed using or with reference to Runlayer's Confidential Information or trade secrets, and (ii) disclosing, using, referencing, or otherwise consulting any Runlayer trade secrets, Confidential Information, non-public proprietary materials, or other non-public technical know-how during the pendency of the arbitration between the parties; it is further

ORDERED, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and for good cause and reasonableness shown, that Runlayer's request for expedited discovery pending the preliminary injunction hearing is granted and Rippling shall: (i) respond to Runlayer's requests for production (including written responses, actual production of documents, and a privilege log) that are attached as Exhibit 41 to the Declaration of Alexander Gross in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration, and (ii) make available Nitish Krishna, Gerhard Esterhuizen, Tim Fall, and a designated corporate representative(s) for depositions before an officer authorized to administer oaths according to the dates, times, and locations specified in the notices of deposition attached as Exhibit 42 to the Declaration of Alexander Gross in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration or at such other dates, times, and locations that the parties may mutually agree upon; it is further

ORDERED, that for good and sufficient cause having been shown, no security need be posted by Runlayer; and it is further

ORDERED, that service on Rippling's legal department, whose contact information is:

People Center, Inc., d/b/a Rippling,
Attention: Legal
430 California Street, 11th Floor,
San Francisco, California 94104
notices@rippling.com

by overnight delivery via FedEx and by e-mail of a copy of this Order, together with copies of the papers upon which it is based, shall be deemed good and sufficient.

Dated: ____________________, 2026
New York, New York

SO ORDERED.

____________________________________
Hon. , U.S. District Judge