SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 28, 2026

Via ECF

Granted.
Denise Cote
7/30/26

The Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York,
500 Pearl Street,
New York, NY 10007.

Re: *Anysource, Inc., d/b/a Runlayer* v. *People Center, Inc., d/b/a Rippling*, No. 1:26-cv-06410 (S.D.N.Y.)

Dear Judge Cote:

Pursuant to Standing Order 19-MC-583 and Section 6 of the Electronic Case Filing Rules & Instructions, Plaintiff Anysource, Inc., d/b/a Runlayer respectfully seeks the Court's permission to file under seal unredacted copies of the Memorandum of Law in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration; the Declaration of Andrew Berman in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration; and the Declaration of Alexander Gross in support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration, including Exhibits 1-2, 7, and 10-41 attached thereto.

Courts addressing sealing requests "must balance competing considerations against the presumption of [public] access" to judicial documents. *FuboTV Inc.* v. *Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y., Apr. 20, 2024) (internal quotation marks omitted). The presumption of public access can be overcome upon findings that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Business secrecy" has been recognized as one of the values that can "outweigh the presumption of public access." *Lexington Furniture Indus., Inc.* v. *Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Accordingly, "courts in this Circuit routinely redact and seal" documents that "contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *United Pool Distribution, Inc.* v. *Custom Courier Solutions, Inc.*, 2024 WL 2979365, at *1 (W.D.N.Y. Jun. 13, 2024) (collecting cases); *see also In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (similar); *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (similar).

Exhibits 1-2, 7, and 10-41 attached to the Declaration of Alexander Gross are not public and contain confidential and proprietary technical, financial, business, third party, and trade secret information. More specifically:

- Exhibits 2, 7, 10-12, 20, 23-24, 26, 28, and 35 are transcripts of meetings between Runlayer and Rippling, which reflect confidential and proprietary technical and trade secret information relating to the architecture, design, implementation, and capabilities of Runlayer's Artificial Intelligence ("AI") enablement and governance platform that was disclosed to Rippling during the parties' trial arrangement; the identity of Runlayer and Rippling personnel involved in such communications; and Rippling's own internal efforts to develop a platform. In light of the highly technical and sensitive business information in these documents, Runlayer requests that the Court permit sealing them in full.

- Exhibits 14-19, 21-22, 25, 27, 29-31, and 37-38 are exports of messages from the shared Slack channel between Runlayer and Rippling. These documents similarly reflect confidential and proprietary technical and trade secret information about the architecture, design, implementation, and capabilities of Runlayer's AI enablement and governance platform that was disclosed to Rippling during the parties' trial arrangement; and the identity of Runlayer and Rippling personnel involved in such communications. Accordingly, Runlayer likewise requests that the Court permit sealing these documents in full.

- Exhibit 13 is a Proof of Concept document prepared in connection with the parties' trial arrangement that also contains confidential and proprietary technical and trade secret information relating to the architecture, design, implementation, and capabilities of Runlayer's AI enablement and governance platform as well as details about the deployment of Runlayer's platform for Rippling's specific needs. Runlayer thus requests that the Court also permit sealing this document in full.

- Exhibit 32 is a Pricing Proposal presentation prepared in connection with the parties' negotiations concerning a whole-company license for Rippling that reflects confidential and proprietary financial, business, and technical information relating to the terms, pricing, discounts, and capabilities for Rulayer's AI enablement and governance platform. Exhibits 33-34 are e-mail communications between Runlayer and Rippling similarly reflecting such negotiations and pricing proposals for a whole-company license. Runlayer accordingly requests that the Court permit sealing Exhibit 32 in full and permit Runlayer to redact the substance of the communications in Exhibits 33-34.

- Exhibits 1, 36, and 39 are communications between Runlayer's CEO, Andrew Berman, and a Rippling insider relating to Rippling's decision not to pursue a whole-company license with Runlayer and to instead build a competing AI

enablement and governance platform. Runlayer requests that the Court permit it to file redacted copies of these documents to protect the identity and contact information of the Rippling insider.

- Exhibit 40 is a communication between a Runlayer employee and a third party relating to Rippling's development of a competing AI enablement and governance platform. Runlayer requests that the Court permit it to file a redacted copy of this document to protect the identity of the third party.

- Exhibit 41 is a copy of Runlayer's proposed Requests for Production of Documents to Rippling filed in connection with its request for expedited discovery. This document reflects, in part, confidential and proprietary technical and trade secret information relating to the architecture, design, implementation, and capabilities of Runlayer's AI enablement and governance platform that was disclosed to Rippling and that Runlayer believes Rippling has unlawfully misappropriated for use in its own competing platform. Runlayer requests that the Court permit it to file a redacted copy of this document to protect the secrecy of such information.

In connection with the above requests, Runlayer has concurrently filed public versions of the Exhibits to the Declaration of Alexander Gross. The public versions of Exhibits 1, 33-34, 36, 39, and 40-41 contain the redactions described above.[1] The public versions of Exhibits 2, 7, 10-19, 20-32, 35, and 37-38 contain substituted slip sheets in light of Runlayer's request to seal these documents in full.[2] Moreover, the confidential and proprietary information contained in the Exhibits Runlayer seeks to seal and/or redact is quoted, detailed, or otherwise reflected in the Memorandum of Law, Declaration of Andrew Berman, and Declaration of Alexander Gross filed in Support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration. Accordingly, Runlayer requests to file the Memorandum and Declarations under seal as well, and has concurrently filed public versions of these documents with narrowly drawn redactions to protect such information. *See, e.g.*, *Samsung Elecs. Co.* v. *Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting sealing requests that "are narrowly tailored to prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information").

---

[1] The sealed versions of these Exhibits contain highlighting tracking the redactions Runlayer has made in the publicly filed versions.

[2] Runlayer does not seek to seal or otherwise redact Exhibits 3-6, 8-9, and 42 attached to the Declaration of Alexander Gross and is therefore filing these documents in full public view.

In light of the expedited nature of the relief sought in Runlayer's request for a preliminary injunction and expedited discovery, Runlayer submits this motion to seal based on this Court's standard Rules & Instructions. To the extent the Court determines that any of Runlayer's requests to seal or redact should follow a different procedure, Runlayer is happy to submit revised requests pursuant to Your Honor's preferred procedures.

Respectfully,

*/s/ Alexander N. Gross*

Alexander N. Gross