SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 5, 2026

Via ECF

The Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York,
500 Pearl Street,
New York, NY 10007.

Granted.
Denise Cote
8/6/26

Re: *Anysource, Inc., d/b/a Runlayer* v. *People Center, Inc., d/b/a Rippling*, No. 1:26-cv-06410 (S.D.N.Y.)

Dear Judge Cote:

Pursuant to Standing Order 19-MC-583, Section 6 of the Electronic Case Filing Rules & Instructions, and Section 8 of Your Honor's Individual Practices in Civil Cases, Plaintiff Anysource, Inc., d/b/a Runlayer ("Runlayer") respectfully seeks the Court's permission to file under seal the unredacted Exhibit B attached to Runlayer's August 5, 2026 letter to the court regarding its discovery position (the "Position Letter").

Courts addressing sealing requests "must balance competing considerations against the presumption of [public] access" to judicial documents. *FuboTV Inc.* v. *Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y., Apr. 20, 2024) (internal quotation marks omitted). The presumption of public access can be overcome upon findings that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Business secrecy" has been recognized as one of the values that can "outweigh the presumption of public access." *Lexington Furniture Indus., Inc.* v. *Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Accordingly, "courts in this Circuit routinely redact and seal" documents that "contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *United Pool Distribution, Inc.* v. *Custom Courier Solutions, Inc.*, 2024 WL 2979365, at *1 (W.D.N.Y. Jun. 13, 2024) (collecting cases); *see also In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (similar); *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (similar).

Exhibit B attached to the Position Letter is not public and contains confidential and proprietary technical and trade secret information. Specifically, Exhibit B is an email from counsel to Runlayer to counsel for People Center, Inc., d/b/a Rippling, in which counsel for Runlayer identifies three exemplary trade secrets for purposes of the preliminary-injunction motion and expedited-discovery process. Counsel for Runlayer sent this email consistent with the Court's

order of August 3, 2026, ECF No. 30. Runlayer accordingly requests that the Court permit Runlayer to file an unredacted copy of Exhibit B under seal.

In connection with the above requests, Runlayer has concurrently filed a public version of Exhibit B with narrowly drawn redactions to Runlayer's exemplary trade secrets described above.

Respectfully,

*/s/ Alexander N. Gross*

Alexander N. Gross

cc: all counsel of record (via ECF)