# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

August 7, 2026

**CM/ECF**

With the consent of the plaintiff, the defendant's request is approved.

Denise Cote
8/8/2026

Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *AnySource, Inc. v. People Center, Inc.*, No. 1:26-cv-06410-DLC

Dear Judge Cote:

Pursuant to Your Honor's Individual Practice No. 1.A, Defendant People Center, Inc. ("Rippling") respectfully submits this letter for two reasons. ***First***, consistent with the opposition papers filed yesterday, Rippling intends to offer its MCP Gateway for use by others, thus expedited discovery as instructed by the Court in its August 5 Order should proceed, as well as oral argument on August 20 as contemplated by the Court.

***Second***, there is a dispute over the parties' negotiations for a Proposed Interim Protective Order ("Protective Order"). The dispute concerns Rippling's proposal that each party be allowed under the Protective Order to have one non-attorney engineer employed by that party assist in reviewing confidential documents, including source code, in connection with the Preliminary Injunction Hearing in this case. Rippling believes the dispute calls for this letter given the time pressure of expedited discovery.

The parties had been productively negotiating the Protective Order, but they had not reached agreement on all terms. In particular, in view of the short schedule set by the August 5 Order, it had become apparent that Rippling needs one of its engineers to assist with the technical analysis in the case. Specifically, Rippling has not been able to share Runlayer's trade secret identification beyond the two counsel authorized at Monday's hearing. Given the compressed timeline, having an engineer with experience with Rippling's code compare Runlayer's identified trade secrets to Rippling's code would be significantly more efficient because that person would have specific knowledge of Rippling's product architecture and source code, rather than being parachuted in to learn the product in a week. That engineer will be someone who has *never* worked on the Runlayer implementation team and has *never* worked on the Rippling MCP Product and who will be subject to and bound by the strictures of the Protective Order and observed and guided by counsel. Rippling is not asking that this be

unilateral; it should be reciprocal, though any designated Runlayer engineer should not have worked on any Rippling/Runlayer project.

Because of this, last night at 6:41 p.m., Rippling asked Runlayer directly whether it would agree to both sides being permitted a non-attorney employee to have this limited access. After hearing nothing from Runlayer yesterday, Rippling followed up this morning at 11:25 a.m. to see whether it agreed. In response, Runlayer stated that it was conferring internally and would provide its position "as soon as possible." Rippling responded that it would need to know Runlayer's answer or have a meet and confer by 2:30 p.m. Runlayer declined to have a meet and confer, saying they were still considering. Counsel for Rippling attempted to call Runlayer's counsel at approximately 4:28 p.m. today to further discuss the issue. Runlayer's counsel called back at 4:58 p.m., informing Rippling that Runlayer was still considering this issue.

Runlayer's delay is materially impeding Rippling's ability to effectively and urgently engage in the discovery the Court has ordered. Further, Rippling is concerned that the Court may not be available to address this dispute over the weekend, and it will very likely impact keeping to the schedule that the Court has set. Thus, we are writing now seeking the Court to rule on whether on Engineer from each side can have access to the other's identified trade secrets.

Thank you for your consideration.

Sincerely,

*/s/ Dale M. Cendali*

Dale M. Cendali, P.C.