Case 1:26-cv-06410-DLC Document 71 Filed 08/28/26 Page 2 of 22

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANYSOURCE, INC., d/b/a RUNLAYER,<br><br>*Plaintiff*,<br><br>v.<br><br>PEOPLE CENTER, INC., d/b/a RIPPLING,<br><br>*Defendant*. | Case No. 1:26-cv-06410-DLC |

## ~~[PROPOSED]~~ INTERIM PROTECTIVE ORDER

WHEREAS Plaintiff Anysource, Inc., d/b/a Runlayer, has filed a complaint in this Action asserting claims of trade secret misappropriation, unfair competition, and breach of contract under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*., and New York state common law against Defendant People Center, Inc., d/b/a Rippling (*see* ECF No. 1);

WHEREAS Runlayer has requested a preliminary injunction and expedited discovery in connection with its claims against Rippling (*see* ECF Nos. 1, 6);

WHEREAS, in support of its request for a preliminary injunction and expedited discovery, Runlayer has filed under seal unredacted copies of a Memorandum of Law, Declaration of Andrew Berman, and Declaration of Alexander Gross (including Exhibits 1-42 annexed thereto) and has asserted that these documents contain confidential and proprietary technical, financial, business, trade secret and third party information (*see* ECF Nos. 8-11); and

WHEREAS, any expedited discovery and briefing on Runlayer's request for a preliminary injunction are likely to result in the production and citation of documents, electronically stored

information, and testimony of a confidential, proprietary, trade secret, or otherwise sensitive nature, as well as further requests to permit the filing of documents under seal in this Action;

The Court hereby enters the following Interim Protective Order (the "Order") for restricting the use and disclosure of any expedited discovery permitted to be taken in this Action in connection with Runlayer's request for a preliminary injunction and any confidential documents the parties seek to file under seal in connection with Runlayer's request for a preliminary injunction:

**1. DEFINITIONS**

1.1. Action means the instant action captioned: *Anysource, Inc., d/b/a Runlayer* v. *People Center, Inc., d/b/a Rippling*, No. 1:26-cv-06410-DLC, pending in the United States District Court for the Southern District of New York.

1.2. Confidential Information means information, documents, communications, or things (regardless of how they are generated, stored, or maintained) that are produced or provided in discovery in this Action or filed under seal in this Action and that concern or contain a Party or Third Party's non-public and proprietary business operations, processes, technical and development information, trade secret information, or an individual's private personal information, the disclosure of which is likely to harm that Party, Third Party, or individual person's competitive position or personal interest, or the disclosure of which would contravene an obligation of confidentiality imposed by contract or court order. Confidential Information does not include information that is in the public domain or that becomes part of the public domain other than through a violation of this Order, including information contained in a public version of a document filed under seal.

1.3. Designated Party Representatives means the In-House Counsel and employee designated under Paragraph 2.6.

1.4. Disclose means to show, give, make available or communicate, in any fashion, to any person or entity, any information, material, document, information concerning the content of any document or material, or any portion of information contained in any document or material.

1.5. Expert means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party. For purposes of this Order, an Expert includes their direct reports and support staff. For the avoidance of doubt, Experts excludes the Parties, In-House Counsel, and Outside Counsel of Record.

1.6. In-House Counsel means attorneys who are employees of a Party or attorneys who have been hired by a Party to perform in-house counsel duties whether as an employee or independent contractor. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.7. Outside Counsel of Record means attorneys who are not In-House Counsel or other employees of a Party but are retained to represent or advise a Party in this Action and have appeared in this Action on behalf of a Party or are affiliated with a law firm which has appeared on behalf of a Party (including their support staffs).

1.8. Party or Parties means Runlayer and/or Rippling.

1.9. Producing Outside Counsel of Record: means Outside Counsel of Record for a Producing Party.

1.10. Producing Party means a Party that is the source of Protected Material that was produced to the other Party.

1.11. Professional Vendors means persons or entities that provide litigation support services to Outside Counsel of Record (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors. For the avoidance of doubt, Professional Vendors excludes the Parties, In-House Counsel, and Outside Counsel of Record.

1.12. Protected Material means Confidential Information designated "HIGHLY CONFIDENTIAL" pursuant to Paragraph 2.1.

1.13. Receiving Outside Counsel of Record means Outside Counsel of Record for a Receiving Party.

1.14. Receiving Party means the Party that was not the source of any Protected Material produced by the other Party in this Action.

1.15. Rippling means People Center, Inc. including all of its In-House Counsel, affiliates, related entities, parents, branches, subsidiaries or divisions, successor entities, officers, directors, employees, agents, representatives, investigators, consultants, and any other persons acting or purporting to act on its behalf or under its control. For the avoidance of doubt, Rippling excludes Outside Counsel of Record and Professional Vendors.

1.16. Runlayer means Anysource, Inc. including all of its In-House Counsel, affiliates, related entities, parents, branches, subsidiaries or divisions, successor entities, officers, directors, employees, agents, representatives, investigators, consultants, and any other persons acting or purporting to act on its behalf or under its control. For the avoidance of doubt, Runlayer excludes Outside Counsel of Record and Professional Vendors.

1.17. Source Code Material means information, documents, communications, or things containing source code, object code (*i.e.*, computer instructions and data definitions expressed in

a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code, including source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files that a Producing Party designates as "CONFIDENTIAL SOURCE CODE – QUALIFIED PERSONS ONLY" pursuant to Paragraph 2.2.

1.18. Third Party means any natural person, partnership, corporation, association, or other legal entity not named as a party to this Action. For the avoidance of doubt, Third Party excludes Outside Counsel of Record and Professional Vendors.

## 2. DESIGNATION, SCOPE, AND USE OF PROTECTED MATERIAL AND SOURCE CODE MATERIAL

2.1. Designation of Protected Material. A Party or Third Party may designate Protected Material as "HIGHLY CONFIDENTIAL" by affixing the word "HIGHLY CONFIDENTIAL" conspicuously on the face of the Protected Material or, where affixing that legend is not practicable, by informing the Receiving Party in writing. Any such designation constitutes a representation that the designating person has reviewed the material and has a good-faith basis for the designation. Protected Material produced by a Party or filed under seal in this Action before entry of this Order is deemed designated "HIGHLY CONFIDENTIAL" as of the date of this Order.

2.2. Designation of Source Code Material. A Party or Third Party may designate Source Code Material as "CONFIDENTIAL SOURCE CODE – QUALIFIED PERSONS ONLY" by affixing the word "CONFIDENTIAL SOURCE CODE – QUALIFIED PERSONS ONLY" conspicuously on the face of the Source Code Material or, where affixing that legend is not practicable, by informing the Receiving Party in writing. Any such designation constitutes a

representation that the designating person has reviewed the material and has a good-faith basis for the designation. Source Code Material produced by a Party or filed under seal in this Action before entry of this Order is deemed designated "CONFIDENTIAL SOURCE CODE – QUALIFIED PERSONS ONLY" as of the date of this Order.

2.3. Designation of Deposition Testimony. Deposition transcripts and exhibits may be designated as containing Protected Material or Source Code Material by (a) identifying the designated material on the record during the deposition, or (b) serving written notice identifying the designated portions by page and line within 14 days after receipt of the final transcript or written notification that the final transcript is available (the "Review Period"). Until the Review Period expires, and unless another designation applies, the entire transcript and all exhibits shall be treated as "HIGHLY CONFIDENTIAL." Notwithstanding the foregoing, a deponent may review their own transcript at any time. Designations made on the record or by written notice remain in force at the close of the Review Period, subject to challenge under Paragraph 3.1.

2.4. Receiving Outside Counsel of Record may use a Producing Party's Protected Material or Source Code Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material or Source Code Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, Receiving Outside Counsel of Record must comply with the provisions of Section 4 below.

2.5. Unless otherwise ordered by the Court or permitted in writing by the Producing Party or its Producing Outside Counsel of Record, Receiving Outside Counsel of Record may disclose a Producing Party's Protected Material only to:

(a) the Producing Party and its Producing Outside Counsel of Record;

(b) the Court and its personnel;

(c) private court reporters and their staff to whom disclosure is reasonably necessary;

(d) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties;

(e) Designated Party Representatives, subject to Paragraph 2.6;

(f) Experts of the Receiving Party who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and who have been disclosed pursuant to Paragraph 2.17;

(g) Professional Vendors who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(h) during their depositions, any witnesses where specific documentary or testimonial evidence establishes that the Protected Material or portion thereof was authored or received by the witness and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

No person who receives Protected Material pursuant to this paragraph may disclose it to any other person, and no such person may use it for any purpose other than as permitted by Paragraph 2.4.

2.6. Designated Party Representatives. Each Party may designate up to two (2) In-House Counsel and one (1) non-attorney employee who may receive Protected Material. Before any such disclosure, the Receiving Party shall provide the Producing Party with written notice identifying each proposed Designated Party Representative by name, position, and a description of that person's responsibilities. The Producing Party may object in writing for good cause within one (1) day of receipt of the notice. In the absence of a timely objection, the proposed Designated Party Representatives shall be deemed approved under this Order. If a timely objection is made, the Parties shall meet and confer within one (1) day of the objection and attempt in good faith to resolve the dispute on an informal basis, and if the dispute is not resolved, the objecting Party shall have two (2) days from the date of the meet and confer to seek relief from the Court. If relief is timely sought, no Protected Material shall be disclosed to the proposed Designated Party Representatives until the Court resolves the objection; if relief is not timely sought, the objection

shall be deemed withdrawn. The Designated Party Representatives must execute a copy of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

2.7. Unless otherwise ordered by the Court or permitted in writing by the Producing Party or its Producing Outside Counsel of Record, a Producing Party's Source Code Material shall not be disclosed to anyone except the following persons ("Source Code Qualified Persons"):

(a) the Receiving Outside Counsel of Record;

(b) the Producing Party or its Producing Outside Counsel of Record;

(c) the Court and its personnel;

(d) private court reporters and their staff to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e) Experts of the Receiving Party who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and who have been disclosed pursuant to Paragraph 2.16;

(f) during their depositions, any witnesses where specific documentary or testimonial evidence establishes that the Source Code Material or portion of the Source Code Material was authored or received by the witness and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(g) One (1) non-attorney employee of the Receiving Party who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

No person who receives Source Code Material pursuant to this Paragraph may disclose it to any other person, and no such person may use it for any purpose other than as permitted by Paragraph 2.4.

2.8. Access to Source Code Material shall be provided on one stand-alone computer ("Source Code Computer"). The Source Code Computer shall be kept in a secure location within the Contiguous United States at the offices of the Producing Outside Counsel of Record, or at such other location as the Producing Party and Receiving Party mutually agree. The Source Code Computer may be password protected and shall have the Source Code Material stored on a hard

Case 1:26-cv-06410-DLC Document 66-1 Filed 08/08/26 Page 10 of 22

drive contained inside the computer. At the option of the Producing Party, the Source Code Computer may be nonnetworked. The Producing Party shall make the Source Code Material viewable in computer searchable format on the Source Code Computer. The Source Code Computer shall, at the Receiving Party's request, include or have access to reasonable analysis tools appropriate for the type of Source Code Material. The Source Code Computer shall include dual monitors and have reasonable processing power.

2.9. The Receiving Party shall make reasonable efforts to restrict its requests for access to the Source Code Computer to the hours of 9:00 a.m. through 6:00 p.m. local time at the reviewing location. Upon reasonable notice from the Receiving Party, which shall not be less than one (1) business day in advance if practicable, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computer outside of the above stated hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 9:00 p.m. local time at the reviewing location. The Parties agree to cooperate in good faith such that access to the Source Code Material at the offices of the Producing Outside Counsel of Record, or at such other location as the Producing Party and Receiving Party mutually agree, shall not unreasonably hinder the Receiving Party's ability to efficiently conduct its prosecution or defense of this Action. Proper identification of all Source Code Qualified Persons shall be provided prior to any access to the Source Code Computer.

2.10. All Source Code Qualified Persons who will review Source Code Material on behalf of a Receiving Party shall be identified in writing to the Producing Party at least one (1) day in advance of the first time that such person reviews such Source Code Material. Such identification shall be in addition to any disclosure required under Paragraph 2.16 of this Protective Order. The Producing Party shall provide these individuals with information explaining how to

start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer. Advance notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the Source Code Computer) during the course of a review session, for such review to continue the next subsequent business day.

2.11. No person other than the Producing Party may alter, dismantle, disassemble or modify the Source Code Computer in any way, or attempt to circumvent any security feature of the Source Code Computer. Nothing may be removed from the Source Code Computer, either by the Receiving Party or at the request of the Receiving Party, except in accordance with the provisions of Section 2.5-2.21.

2.12. No copies of Source Code Material shall be made, whether physical, electronic, or otherwise, except in accordance with the provisions of Section 2.5-2.21. No Source Code Qualified Person may bring outside electronic devices, including but not limited to laptop computers (except for taking notes, as provided herein), mobile phones, USB flash drives, zip drives, or devices with camera functionalities into the room containing the Source Code Computer. Notes by a Source Code Qualified Person may only be taken in (1) a bound or spiral notebook ("Source Code Notebook"), which will be marked on its face and treated as "Confidential Source Code – Qualified Persons Only" information; or (2) a word processing program on a password-protected, non-networked laptop ("Source Code Notes Laptop"), provided the electronic version of such notes are marked "Confidential Source Code – Qualified Persons Only." Such notes are presumptively attorney work product that need not be shared with or returned to the Producing Party at the conclusion of the Action but must be destroyed in accordance with the provisions of this Order at the conclusion of this matter. A Source Code Qualified Person may not copy more

than ten consecutive lines of Source Code Material into the Source Code Notebook or Source Code Notes Laptop or otherwise use notes to evade the requirements of this Order.

2.13. The Producing Party may exercise personal supervision from outside the review room over the Source Code Qualified Person when they are in the Source Code Material review room. Such supervision, however, shall not entail review of any work product generated by the Source Code Qualified Person. There will be no video or audio supervision of the Source Code Qualified Person.

2.14. At the request of the Receiving Party, the Producing Party shall within one (1) business day provide one (1) hard copy printout and one (1) password-protected, encrypted searchable PDF file of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of the Source Code Material. The Producing Party will provide means for the Receiving Party to identify the printouts requested during the review. If the Producing Party objects in any manner to the production of the requested Source Code Material (*e.g.*, the request is too voluminous), it shall state its objection within one business (1) day pursuant to this Paragraph. In the event of a dispute, the Parties will meet and confer within one (1) day of the objection being raised and if they cannot resolve it, the Producing Party must raise it with the Court.

2.15. Hard copy printouts of Source Code Material shall be provided on white, Bates-numbered and watermarked paper clearly labeled "Confidential Source Code – Qualified Persons Only" on each page and shall be maintained by Receiving Outside Counsel of Record or other Source Code Qualified Persons in a secured locked area. The Receiving Party may also temporarily keep the hard copy printouts at: (a) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (b) the sites where any

deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (c) any reasonably secure intermediate location reasonably necessary to transport the hard copy printouts (e.g., a locked hotel room prior to a deposition, Court hearing or other proceeding, or a secure carrier such as FedEx). The Receiving Party shall exercise due care in maintaining the security of the hard copy printouts at these temporary locations. No further hard copies of such Source Code Material shall be made and the Source Code Material shall not be transferred into any electronic format or onto any electronic media except that:

(a) The Receiving Party is permitted to make up to five (5) additional hard copies for use at a deposition, after which any copies not provided to other parties during the deposition will be destroyed. Any transcript in which Source Code Material is discussed will be marked "Confidential Source Code – Qualified Persons Only," and the transcript will be subject to the requirements of Paragraph 2.15, unless the Parties reach agreement otherwise, which the Parties will do in good faith to address portions of the transcript that do not discuss the Source Code Material.

(b) The Receiving Party is permitted to make up to five (5) additional hard copies of Source Code Material in connection with a Court filing, hearing, or trial, but only of the specific pages that are directly relevant to and necessary for deciding the issue for which the portions of the Source Code Material are being filed or offered. To the extent portions of Source Code Material are quoted or reproduced in a Court filing, either (1) the entire document will be stamped and treated as "Confidential Source Code – Qualified Persons Only" information; or (2) those pages containing quoted or reproduced Source Code Material will be separately stamped and treated as "Confidential Source Code – Qualified Persons Only" information. If Source Code Material is discussed on the record in a hearing, the portion of the hearing transcript will be marked "Confidential Source Code – Qualified Persons Only" information, and that portion of the transcript will be subject to the other requirements of this Order.

(c) The Receiving Party is permitted to make up to four (4) additional hard copies which shall be maintained by Receiving Outside Counsel of Record or other Source Code Qualified Persons in a secured locked area. The Receiving Party shall disclose to the Producing Party within one (1) day the pages of Source Code Material copied and how many copies were made. The Receiving Outside Counsel of Record or other Source Code Qualified Persons maintaining the Source Code Material shall also abide by the other requirements of this Order.

(d) The Receiving Party is permitted to provide the password-protected, encrypted searchable PDF of the Source Code Material to up to three (3) Source Code Qualified Persons. The Receiving Party shall disclose to the Producing Party

within one (1) day the pages of Source Code copied and how many copies were made. Receiving Outside Counsel may keep a copy on a secure document system accessible to Receiving Outside Counsel.

(e) Except as provided in the subparagraph (d) above, electronic copies of Source Code Material may only be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), cannot be filed or served in hard copy form and must be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing may be temporarily stored on any Receiving Outside Counsel of Record server, hard drive, thumb drive, or other electronic storage device at any given time. After any such electronic filing or service, the Receiving Outside Counsel of Record shall delete all electronic copies from all such electronic storage devices.

(f) The Producing Party shall, on request, provide access to a Source Code Computer during depositions of witnesses who would otherwise be permitted access to such Source Code Material. If a Source Code Computer is requested for a deposition, the Receiving Party shall make such request at the later of the time of the notice for deposition or one (1) day prior to the time of the deposition.

2.16. Prior to disclosing any Protected Material or Source Code Material to any Expert as permitted by this Order, the Receiving Outside Counsel of Record shall provide the Producing Party or Producing Outside Counsel of Record with a written notice that includes (a) the Expert's name, (b) the Expert's up-to-date curriculum vitae, (c) the Expert's current employer and title, and (d) all cases in which the Expert has testified in a deposition or trial in the past four years, and (e) a copy of the "Acknowledgement and Agreement to be Bound" (Exhibit A) signed by the Expert. Within one (1) day of receipt of the disclosure of the Expert, the Producing Party may object in writing to disclosure of Protected Material or Source Code Material to the Expert for good cause. In the absence of an objection at the end of that period, the Expert shall be deemed approved under this Order. There shall be no disclosure of Protected Material or Source Code Material to the Expert prior to expiration of that period. If the Producing Party timely objects, the Parties shall meet and confer the same day as the objection, or as soon thereafter as reasonably practicable, and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Producing Party will have one (1) day from the date of the meet and confer to seek relief from the

Court. If relief is timely sought, the Protected Material or Source Code Material shall not be disclosed to the Expert in question until the Court resolves the objection; if relief is not timely sought, the objection shall be deemed withdrawn. For purposes of this Paragraph, "good cause" shall include an objectively reasonable concern that the Expert will, advertently or inadvertently, use or disclose Protected Material or Source Code Material in a way or ways that are inconsistent with the provisions contained in this Order.

2.17. The protections conferred by this Order cover not only Protected Material and Source Code Material (as defined above) but also (1) any information copied or extracted from Protected Material or Source Code Material; (2) all copies, excerpts, summaries, or compilations of Protected Material or Source Code Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Outside Counsel of Record that might reveal Protected Material Source Code Material, other than during a court hearing or at trial. However, the protections conferred by this Order do not cover any information that is currently in the public domain or becomes part of the public domain as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

2.18. Nothing in this Order restricts a Producing Party's use or disclosure of its own Protected Material. Without limiting the foregoing, nothing in this Order prohibits a Party from disclosing to its own witnesses Protected Material and Source Code Material that it produced and that another Party contends was copied or misappropriated, provided that the material was already shared with the witness or contained in correspondence on which the witness was already a sender or recipient, or documents that the witness created, participated in creating, or of which the witness already has direct knowledge.

2.19. Nothing in this Order shall be construed to prevent Receiving Outside Counsel of Record from advising that Receiving Party with respect to this Action based in whole or in part on Protected Material or Source Code Material, provided Receiving Outside Counsel of Record does not disclose the Protected Material itself except as provided in this Order.

2.20. Any use of Protected Material or Source Code Material during a court hearing or at trial shall be governed by the orders of the presiding judge, except as provided above.

2.21. Disclosure of Protected Material or Source Code Material to persons or entities pursuant to this Order shall not waive or impair any privileges, trade secret protection, or contractual rights of a Producing Party relating to the subject matter of the Protected Material.

## 3. CHALLENGES TO DESIGNATIONS AND UNAUTHORIZED OR INADVERTENT DISCLOSURE

3.1. Challenges to Designations. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A Party that elects to challenge a designation must do so in good faith and must begin the process by conferring directly, via telephone or videoconference, with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation chosen. The Parties shall confer within one (1) day of the written challenge, and a challenging Party may seek relief from the Court only after it has engaged in this meet-and-confer process. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the designating Party's designation.

3.2. If Receiving Party or Receiving Outside Counsel of Record learns that, by inadvertence or otherwise, it has directly or indirectly disclosed Protected Material or Source Code Material to any person or in any circumstance not authorized under this Order, Receiving Party or Receiving Outside Counsel of Record must immediately (a) notify Producing Party or Producing Outside Counsel of Record in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or Source Code Material, or confirm their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

3.3. The inadvertent disclosure or production of Protected Material or Source Code Material by a Producing Party or Producing Outside Counsel, regardless of whether the material was so designated at the time of disclosure, will not waive any applicable protections provided by this Order or by law, provided that the Producing Party designates the material or requests its return within three (3) days after the Producing Party or Producing Outside Counsel of Record learns of its inadvertent disclosure. The obligation to treat such material as Protected Material shall run from the date of designation. Nothing in this Paragraph prevents a Party from challenging such a designation pursuant to Paragraph 3.1.

3.4. <u>Privilege and Clawback</u>. The inadvertent production of any material or information protected by any applicable privilege, protection, or immunity in this Action shall not be deemed to waive, in whole or in part, any privilege or work product protection in this Action or in any other federal or state proceeding, unless the Producing Party failed to take reasonable steps to prevent disclosure or, upon discovery of the inadvertent disclosure, fails to promptly take reasonable steps to rectify the error, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and this Order.

The provisions of this Paragraph explicitly are intended to be, and are, an Order of the Court issued pursuant to Federal Rule of Evidence 502(d). Upon the written request of a Producing Party, the Receiving Party shall promptly return or destroy (i) all copies of the inadvertently produced materials identified by the Producing Party and (ii) any documents derived from those materials. If the Receiving Party intends to challenge the claim of privilege, protection, or immunity, it must notify the Producing Party in writing within three (3) days after receiving the written request. If the Parties are unable to resolve the disputed claim, the Receiving Party shall seek relief from the Court. Until the dispute is resolved, the Receiving Party may retain the materials but may use them only for the purpose of litigating the claim.

**4. MISCELLANEOUS, DURATION, AND FINAL DISPOSITION**

4.1. Subpoenas and Other Compelled Disclosure. Any Party or person in possession of Protected Material who receives a subpoena or other process from any person or entity that is not a Party seeking production or other disclosure of such Protected Material shall, within three (3) days, give written notice to counsel for the Producing Party that designated the material, identifying the material sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena also shall inform the person seeking the Protected Material that such material is subject to this Order. No production or other disclosure of such material pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing in this Paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Protected Material to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

4.2. Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future, and any Party may seek to modify this Order for good

cause shown. In addition, the Parties may by written agreement modify or waive any provision of this Order as between themselves without further order of the Court, provided that no such agreement may alter any obligation imposed on the Parties by the Court, including the sealing requirements of Paragraph 4.5.

4.3. No. Party waives any right it otherwise would have to object to disclosing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

4.4. A Producing Party or Producing Outside Counsel of Record's disclosure of Protected Material or Source Code Material to Receiving Outside Counsel of Record, or initial filing of Protected Material or Source Code Material under seal, shall not be deemed a publication thereof so as to void or make voidable the Producing Party's claim as to the proprietary or confidential nature of the Protected Material or Source Code Material.

4.5. A Party that seeks to file any Protected Material or Source Code Material of its own or of the other Party must do so under seal and in compliance with Rule 8 of this Court's Individual Practices in Civil Cases and with any other pertinent Local Rules of the United States District Courts for the Southern District of New York or orders of the Court. If a Party's request to file Protected Material or Source Code Material under seal is denied by the Court, and the other Party does not intervene to appeal or otherwise seek modification of that ruling within two (2) days, then the Party may file the information in the public record unless otherwise instructed by the Court.

4.6. The Parties agree that the Court shall retain jurisdiction after final disposition of this Action (as defined in Paragraph 4.8) to hear and resolve any disputes arising out of this Order.

4.7. Computation of Time. All time periods set forth in this Order shall be calculated according to Federal Rule of Civil Procedure 6, as in effect at the time of entry of this Order.

4.8. <u>Duration and Sunset</u>. This Order is an interim order and shall expire, and shall cease to govern the taking of further discovery, upon the earlier of (a) the Court's ruling on Runlayer's request for a preliminary injunction, or (b) the date on which the Parties agree in writing that it shall no longer apply. Notwithstanding the expiration of this Order, the confidentiality obligations imposed by this Order as to Protected Material disclosed, produced, or filed while this Order was in effect shall remain in full force and effect until a comprehensive protective order is entered in this Action, or until the Parties agree otherwise in writing or the Court orders otherwise, whichever occurs first, and shall survive the final disposition of this Action. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.9. After the final disposition of this Action, within sixty (60) days of a written request by a Producing Party or Producing Outside Counsel of Record, Receiving Party and Receiving Outside Counsel of Record must return all of the Producing Party's Protected Material or Source Code Material to the Producing Party or destroy such material. As used in this Paragraph, "all Protected Material" and "all Source Code Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material or Source Code Material. Whether the Protected Material or Source Code Material is returned or destroyed, the Receiving Outside Counsel of Record must submit a written certification to the Producing Party or Producing Outside Counsel of Record by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material and Source Code Material that was returned or destroyed and (2) affirms that Receiving Party and Receiving Outside Counsel of Record have

not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material or Source Code Material. Notwithstanding this provision, Receiving Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material or Source Code Material. Any such archival copies that contain or constitute Protected Material or Source Code Material remain subject to this Order or any other applicable order entered in this Action.

4.10. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: August 8, 2026
New York, New York

SO ORDERED.

Hon. Denise L. Cote, U.S. District Judge

**EXHIBIT A**

I, ______________________ [full name], of ___________________________________ [full address], declare under penalty of perjury that I have read in its entirety and understand the Interim Protective Order that was issued by the United States District Court for the Southern District of New York on ________________ in the case of *Anysource, Inc., d/b/a Runlayer* v. *People Center, Inc., d/b/a Rippling*, No. 1:26-cv-06410-DLC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ________________________

City and State where sworn and signed: ___________________________

Printed Name: _____________________________

Signature: __________________________