# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

August 11, 2026

Should this dispute remain unresolved, the plaintiff's letter in response to this objection is due by 6 pm on August 11.
Denise Cote
8/11/26

**CM/ECF**

Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *AnySource, Inc. v. People Center, Inc.*, No. 1:26-cv-06410-DLC

Dear Judge Cote:

Pursuant to the Southern District of New York Local Civil Rule 37.2 and Your Honor's Individual Practices 1.A and 4.J, Defendant People Center, Inc. ("Rippling") respectfully requests that the Court sustain its objection to Plaintiff Anysource, Inc.'s ("Runlayer") designation of either of Runlayer's co-founders, Tal Peretz and Vitor Balocco, as its non-attorney employee under Paragraph 2.6 of the Interim Protective Order (Dkt. 67) (the "Protective Order"). The parties met and conferred on August 10 per Individual Practice 2.C and were unable to resolve this dispute.

Rippling seeks an order (1) sustaining its good-cause objection to Mr. Peretz and Mr. Balocco; (2) prohibiting disclosure of any Rippling Protected Material or Source Code Material to them; (3) requiring Runlayer to designate a different non-attorney employee with no involvement—or materially less involvement—in the Rippling/Runlayer project; and (4) confirming that no disclosure may occur while this objection is pending pursuant to Paragraph 2.6 of the Protective Order.

Paragraph 2.6 of the Protective Order permits each party to designate one non-attorney employee to receive protected material but requires written notice identifying the designee and permits the Producing Party to object for good cause within one day. If timely relief is sought, no Protected Material may be disclosed to the proposed designee until the Court resolves the objection. Paragraph 2.7 separately limits access to Source Code Material to specified Source Code Qualified Persons, including one non-attorney employee who has signed the required acknowledgment. Rippling disclosed Jonathan Como on August 8, 2026. Mr. Como is a Software Engineer. Consistent with Rippling's representations to the Court, Mr. Como never worked on implementing Runlayer at Rippling, nor did he ever work on developing Rippling's MCP Gateway. Runlayer disclosed Mr. Peretz this past Saturday, and Rippling timely objected. In response, Runlayer disclosed Mr. Balocco, to which Rippling objects on the same grounds.

Case 1:26-cv-06410-DLC Document 69 Filed 08/11/26 Page 2 of 3



Good cause exists to sustain Rippling's objections. Mr. Peretz and Mr. Balocco are Runlayer's co-founders and were lead engineers on the Runlayer trial with Rippling—as well as competitive decisionmakers presumptively compensated based on the business's success. *See Alcon Vision, LLC v. Lens.com, Inc.*, 2019 WL 8197769, at *2-3 (E.D.N.Y. Aug. 22, 2019) (denying access to plaintiff's SVP, General Counsel, and Secretary because he was a "competitive decisionmaker"). There is significant risk that either could inadvertently disclose or use confidential information, even in good faith. *See id.* at *2 ("[I]t is difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."); *see also Vesta Corset Co. v. Carmen Foundations, Inc.*, 1999 WL 13257, at *3 (S.D.N.Y. Jan. 13, 1999) (denying disclosure to company president due to "concerns of commercial espionage"). It is hard to conceive of individuals more involved in Runlayer's engagement with Rippling. As a consequence, it is highly likely that both Mr. Peretz and Mr. Balocco will be witnesses in the arbitration, and giving either of them access to Rippling's confidential information would almost certainly impact their testimony.

After receiving this Court's Friday night order requiring Runlayer to respond to our letter, the parties discussed the designation issue. While Runlayer generally said it would be "unworkable" for it to designate someone who has not at least worked on the Rippling product, they did not present any facts as to why this was so. Given Runlayer's smaller size, Rippling was willing to give them the benefit of doubt and advised Runlayer that it would "take [their] word for it." At no time did they indicate that they intended to designate their co-founders who worked closely on the Rippling project.

After Runlayer disclosed Mr. Peretz, Rippling objected and the parties held a meet and confer on August 10, 2026, at 11 a.m. At the meet and confer, we explained our concerns about Mr. Peretz's designation and asked why another, less involved engineer could not be designated instead. Counsel for Runlayer did not deny that there were other engineers who could be designated who either had no involvement in the Rippling project or were less centrally involved, but simply said that others were not workable for "individual reasons." Later that afternoon, after we objected to Mr. Peretz, Runlayer substituted him with Mr. Balocco – yet another co-founder deeply involved in the Rippling project and likely to be a witness. A review of Runlayer's LinkedIn reveals seventeen engineers, many of whom were more recently hired who either had no involvement in the Rippling engagement and who are exceedingly unlikely to be percipient witnesses.

The kind of limited technical assistance under Paragraph 2.6 of the Protective Order can be filled just as well by someone more junior and less involved in the Rippling engagement. We also note that Runlayer has designated a technical expert and two individuals who would support him, with whom we do not object. There is simply no need to give Runlayer's co-founders and likely percipient witnesses access to Rippling's confidential data. Therefore, we are forced to once again seek the Court's intervention.

Thank you for your consideration.

Sincerely,

Dale M. Cendali, P.C.