Case 1:26-cv-06410-DLC Document 75 Filed 08/17/26 Page 1 of 3

SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 17, 2026

Via ECF

Granted.
Denise Cote
8/18/26

The Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York,
500 Pearl Street,
New York, NY 10007.

Re: *Anysource, Inc., d/b/a Runlayer* v. *People Center, Inc., d/b/a Rippling*, No. 1:26-cv-06410 (S.D.N.Y.)

Dear Judge Cote:

Pursuant to Standing Order 19-MC-583, Section 6 of the Electronic Case Filing Rules & Instructions, and Section 8 of Your Honor's Individual Practices in Civil Cases, Plaintiff Anysource, Inc., d/b/a Runlayer respectfully seeks the Court's permission to file under seal unredacted copies of Runlayer's Reply in Support of its Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration; the Declaration of Dr. Thomas M. Conte in Support of Plaintiff's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration; and the Second Declaration of Alexander Gross in support of Runlayer's Motion for a Preliminary Injunction and Expedited Discovery in Aid of Arbitration, including Exhibits 43-58 attached thereto.

Courts addressing sealing requests "must balance competing considerations against the presumption of [public] access" to judicial documents. *FuboTV Inc.* v. *Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y., Apr. 20, 2024) (internal quotation marks omitted). The presumption of public access can be overcome upon findings that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Business secrecy" has been recognized as one of the values that can "outweigh the presumption of public access." *Lexington Furniture Indus., Inc.* v. *Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Accordingly, "courts in this Circuit routinely redact and seal" documents that "contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *United Pool Distribution, Inc.* v. *Custom Courier Solutions, Inc.*, 2024 WL 2979365, at *1 (W.D.N.Y. Jun. 13, 2024) (collecting cases); *see also In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (similar); *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (similar).

Exhibits 43-58 attached to the Declaration of Alexander Gross are not public and contain confidential and proprietary technical, financial, business, third party, and trade secret

Case 1:26-cv-06410-DLC Document 75 Filed 08/17/26 Page 2 of 3



information, as well as information designated as Protected Material under the Interim Protective Order entered in this action (ECF No. 67). More specifically:

- Exhibits 43-50, 56, and 58 include exports of messages from the shared Slack channel between Runlayer and Rippling, and a transcript of a meeting between Runlayer and Rippling. These documents reflect confidential and proprietary technical and trade secret information about the architecture, design, implementation, and capabilities of Runlayer's AI enablement and governance platform that was disclosed to Rippling during the parties' trial arrangement.

- Exhibit 51 is written summary prepared by Runlayer documenting the solution to an issue Rippling experienced during the parties' trial and similarly reflects confidential and proprietary technical and trade secret information about the architecture, design, implementation, and capabilities of Runlayer's AI enablement and governance platform that was disclosed to Rippling during the parties' trial arrangement.

- Exhibit 52 is a copy of the deposition transcript of Rippling Senior Staff Software Engineer, Ramakrishna Nadella, that was designated as Protected Material by Rippling.[1]

- Exhibits 53 and 57 are copies of commit logs for Rippling's MCP Gateway that were designated as Protected Material by Rippling.

- Exhibits 54-55 are letters from Runlayer's counsel to Rippling's counsel identifying discovery deficiencies in Rippling's productions. These letters reflect details about Rippling's productions and Mr. Nadella's testimony that have been designated as Protected Material and/or Source Code Material by Rippling.

Runlayer thus seeks to file the entirety of Exhibits 43-58 to the Second Declaration of Alexander Gross under seal and will file public versions of these Exhibits with substituted slip sheets. Moreover, the Declaration of Dr. Thomas M. Conte relies heavily on the confidential and proprietary information contained in Exhibits 43-58 as well as other documents this Court has previously permitted the parties' to file under seal (*see* ECF Nos. 8, 43-44, 61). Because the parties' confidential and proprietary information is inextricably intertwined throughout Dr.

---

[1] Pursuant to the terms of the Interim Protective Order, "[a] Party that seeks to file any Protected Material or Source Code Material of its own or of the other Party must do so under seal." (ECF No. 67 ¶ 4.5.)

Conte's Declaration, Runlayer requests that the Court permit it to file the entirety of Dr. Conte's Declaration under seal, and Runlayer will file a public version of the Declaration with a substituted slip sheet. Finally, while the confidential and proprietary information contained in Exhibits 43-58 and other documents the Court has previously permitted the parties to seal is also reflected in the Runlayer's Reply brief, that document does not quote as heavily from this information. Runlayer, therefore, requests that the Court permit it to file the Reply brief under seal but will file a public version of that document with narrowly drawn redactions to protect any confidential information. *See, e.g.*, *Samsung Elecs. Co.* v. *Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting sealing requests that "are narrowly tailored to prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information").

Respectfully,

*/s/ Alexander N. Gross*

Alexander N. Gross

cc: all counsel of record (via ECF)