SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 18, 2026

Granted.
Denise Cote
8/19/26

Via ECF

The Honorable Denise L. Cote,
U.S. District Court for the Southern District of New York,
500 Pearl Street,
New York, NY 10007.

Re: *Anysource, Inc., d/b/a Runlayer* v. *People Center, Inc., d/b/a Rippling*, No. 1:26-cv-06410 (S.D.N.Y.)

Dear Judge Cote:

Pursuant to Standing Order 19-MC-583, Section 6 of the Electronic Case Filing Rules & Instructions, and Section 8 of Your Honor's Individual Practices in Civil Cases, Plaintiff Runlayer respectfully seeks the Court's permission to file under seal its letter motion to compel discovery from Defendant Rippling.

Courts addressing sealing requests "must balance competing considerations against the presumption of [public] access" to judicial documents. *FuboTV Inc.* v. *Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y., Apr. 20, 2024) (internal quotation marks omitted). The presumption of public access can be overcome upon findings that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Business secrecy" has been recognized as one of the values that can "outweigh the presumption of public access." *Lexington Furniture Indus., Inc.* v. *Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Accordingly, "courts in this Circuit routinely redact and seal" documents that "contain confidential and proprietary technical, financial, business, third party and/or trade secret information." *United Pool Distribution, Inc.* v. *Custom Courier Solutions, Inc.*, 2024 WL 2979365, at *1 (W.D.N.Y. Jun. 13, 2024) (collecting cases); *see also In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (similar); *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (similar).

The letter motion details deficiencies in Rippling's productions to date, including by reference to the contents of specific documents and deposition testimony produced by Rippling in this action. That information reflects technical aspects of Rippling's MCP Gateway and was designated as "Protected Material" under the Interim Protective Order by Rippling. (*See* ECF No. 67.) Pursuant to the terms of the Interim Protective Order, "[a] Party that seeks to file any Protected Material or Source Code Material of its own or of the other Party must do so under seal." (*Id.* ¶ 4.5.)

Case 1:26-cv-06410-DLC Document 84 Filed 08/18/26 Page 2 of 2



Runlayer thus respectfully requests that the Court permit it to file the letter motion under seal. Runlayer is contemporaneously filing a public version of the letter motion with narrowly drawn redactions to protect the information designated confidential by Rippling. *See, e.g.*, *Samsung Elecs. Co.* v. *Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting sealing requests that "are narrowly tailored to prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information").

Respectfully,

*/s/ Alexander N. Gross*

Alexander N. Gross

cc: all counsel of record (via ECF)