Case 1:26-cv-06410-DLC Document 88 Filed 08/19/26 Page 1 of 2

# KIRKLAND & ELLIS LLP

601 Lexington Avenue
New York, NY 10022
United States

Joshua L. Simmons
To Call Writer Directly:
+1 212 446 4989
joshua.simmons@kirkland.com

+1 212 446 4800

Facsimile:
+1 212 446 4900

www.kirkland.com

August 19, 2026

**VIA CM/ECF**

Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Granted.
Denise Cote
August 19, 2026

Re: *Anysource, Inc. v. People Center, Inc.*, No. 1:26-cv-06410-DLC

Dear Judge Cote:

Pursuant to Standing Order 19-MC-583, Section 6 of the Electronic Case Filing Rules & Instructions, and Section 8 of Your Honor's Individual Practices in Civil Cases, Defendant People Center, Inc. ("Rippling") respectfully submits this letter motion to file under seal portions of its memorandum of law in sur-reply to Plaintiff Anysource, Inc.'s ("Runlayer") motion for a preliminary injunction (the "Sur-Reply"), together with the supporting declarations of Jonathan Krein and Tim Fall.

This matter concerns Runlayer's allegations that Rippling misused confidential information and trade secrets in developing Rippling's MCP Gateway. Responding to those allegations requires Rippling to describe the development of its MCP Gateway, the internal business and technical decisions underlying that development, its business strategy; and the competitive and financial harm an injunction would inflict. Disclosure of this commercially sensitive information would risk competitively harming Rippling without advancing any legitimate public interest in these proceedings.

Although judicial documents are presumptively accessible to the public, that presumption may be overcome by countervailing interests, including the protection of trade secrets and other confidential or competitively sensitive commercial information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20, 124–25 (2d Cir. 2006); *Binh Thanh Import Export Production & Trade Joint Stock Co. v. Amazon.com Services LLC*, No. 23 Civ. 292, 2024 WL 418139, at *1–2 (S.D.N.Y. Feb. 2, 2024) (sealing nonpublic technology-implementation and supply-chain strategy information whose disclosure could harm defendant's competitive standing). That interest is particularly substantial here, where the parties have agreed to arbitrate and public

Case 1:26-cv-06410-DLC Document 88 Filed 08/19/26 Page 2 of 2

KIRKLAND & ELLIS LLP



disclosure would expose technical and commercial information to competitors, conferring an advantage unrelated to the public's ability to assess the merits of the parties' claims and defenses. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

Rippling accordingly requests leave to seal the following categories of information: (1) unreleased product-roadmap and launch-readiness information, including testing, participation, and marketing details that would permit competitors to anticipate and undercut Rippling's launch; (2) proprietary technical information concerning Rippling's MCP Gateway's source code, architecture, identity and access management integration, single-sign-on design, and development methodology, as well as proprietary technical information for other Rippling products; (3) Rippling-specific system configurations contained in the trial repository, disclosure of which would create security and competitive risks; and (4) material Runlayer has designated confidential and/or asserted as a trade secret, which Rippling provisionally submits under seal without conceding that sealing is warranted. These materials appear in the Sur-Reply and the supporting declarations of Jonathan Krein and Tim Fall.

The proposed redactions are limited to the information described above and leave the substance of Rippling's submissions publicly available. *See, e.g., FuboTV Inc. v. Walt Disney Co.*, No. 24 Civ.01363 (MMG), 2024 WL 1884974, at *3 (S.D.N.Y. Apr. 30, 2024) (permitting redaction of "commercially sensitive business information"); *Automated Management Systems, Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 16 Civ. 4762 (LTS) (KNF), 2022 WL 1450737, at *3 (S.D.N.Y. May 9, 2022) (approving narrowly tailored redactions of nonpublic software architecture and system-functionality information).

The Court previously granted a similar request by Runlayer. Accordingly, Rippling respectfully requests leave to file publicly redacted versions of the Sur-Reply, supporting declarations, and identified exhibits, and to file the corresponding unredacted versions under seal.

Sincerely,

Joshua L. Simmons